**IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| LOUIS F. VOLAK, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. CIV-07-1002-F |
| | ) | |
| WHOMBLE & SONS, INC., et al., | ) | |
| | ) | |
| Defendants. | ) | |

## <u>ORDER</u>

"Defendant United States' Motion to Dismiss," filed November 13, 2007, is before the court and ready for determination. (Doc. no. 21.)

### I. <u>Background</u>

This action arises out of allegedly deficient construction of a home built with the assistance of a $50,000.00 construction grant from the Veterans Administration. Plaintiff, Mr. Louis F. Volak, is a disabled veteran, and the VA grant was provided as a part of the Specially Adapted Housing for Disabled Veterans program. *See*, 38 U.S.C. §§ 2101 *et seq*. Mr. Volak alleges claims against the United States *ex rel.* the Department of Veterans' Affairs (the VA) as the provider of the grant; against Whomble & Sons, Inc., the construction company; and against Yukon National Bank, the alleged successor-in-interest of the bank (Peoples Bank) which provided financing and acted as escrow agent for the VA funds.

The United States has moved for dismissal under Rule 12(b)(1), Fed.R.Civ.P., arguing that all claims alleged against the government should be dismissed for lack of jurisdiction. Although the United States presents several grounds for dismissal, this order only addresses the government's first ground for dismissal. That argument is that the claims in question are barred by sovereign immunity as set out in 38 U.S.C.

§2105 and thus should be dismissed for lack of jurisdiction.  Section 2105 states, in full, as follows:

> The Government of the United States shall have no liability in connection with any housing unit, or necessary land therefor, or adaptation acquired under the provisions of this chapter.

The referred to chapter is chapter 21 of title 38, entitled "Specially Adapted Housing for Disabled Veterans," 38 U.S.C. §§ 2101 *et seq*.

## II.  Standards

The rules regarding dismissal under Rule 12(b)(1) for lack of jurisdiction based on the sovereign immunity of the United States are familiar.  As reiterated in <u>Fostvedt v. United States</u>, 978 F.2d 1201, 1202-03 (10th Cir. 1992) (suit against the Internal Revenue Service dismissed), the United States may not be sued without its consent. <u>United States v. Dalm</u>, 494 U.S. 596, 608 (1990).  A waiver of sovereign immunity must be strictly construed in favor of the sovereign and may not be extended beyond the explicit language of the statute.  <u>Ruckelshaus v. Sierra Club</u>, 463 U.S. 680, 685 (1983). "It long has been established...that the United States, as sovereign, 'is immune from suit save as it consents to be sued...and the terms of its consent to be sued in any court define that court's jurisdiction to entertain the suit.'"  <u>United States v. Testan</u>, 424 U.S. 392, 399 (1976) (quoting <u>United States v. Sherwood</u>, 312 U.S. 584, 586, (1941).  A waiver of sovereign immunity cannot be implied, but must be explicitly expressed. <u>United States v. King</u>, 395 U.S. 1, 4 (1969).  (All as quoted in <u>Fostvedt</u>, 978 F.2d at 1202-03.)

Although some of the facts discussed in the parties' briefing are disputed, the government's sovereign immunity argument does not require the court to determine any disputed jurisdictional facts.  The legal question presented is simply whether the complaint (or any possible amended complaint) shows that any recovery against the

United States is barred by § 2105.  Unlike the government's arguments which present a factual attack to jurisdiction, the government's § 2105 argument presents a facial challenge to the court's jurisdiction.

In resolving a facial attack on jurisdiction, the court typically considers no matters outside the pleadings for any purpose.  In this case, however, the court considers matters outside the pleadings for the limited purpose of considering whether the complaint could be viable if it were amended to allege these other matters in the manner most favorable to plaintiff.  If such considerations require conversion of the motion, or if plaintiff's argument is correct that the court's ruling on jurisdiction is so intertwined with the merits that the government's Rule 12(b)(1) motion should be converted, then the court finds that the government's § 2105 challenge should be converted to a 12(b)(6) challenge rather than to a Rule 56 challenge as requested by plaintiff.

As observed in <u>Holt v. United States</u>, 46 F.3d 1000, 1003 (10th Cir. 1995) and in <u>Wheeler v. Hurdman</u>, 825 F.2d 257, 259 (10th Cir. 1987), if the jurisdictional question is intertwined with the merits of the case, the issue should be resolved under 12(b)(6) or Rule 56.  If conversion is called for here, Rule 12(b)(6) provides the most appropriate framework because the government's facial attack addresses the sufficiency of the complaint (or any amended complaint) under the applicable law, and this is a purely legal issue.  Therefore, the disputed facts identified in the parties' briefing are immaterial, and plaintiff's requests that the court convert the motion to dismiss to a motion under Rule 56, Fed. R. Civ. P., and that the court allow additional discovery, are denied.

As a practical matter, whether defendant's § 2105 argument is considered a facial challenge to jurisdiction under Rule 12(b)(1) or an attack on the complaint under Rule 12(b)(6), the basic analysis is the same.  In passing on a motion to dismiss

-- whether bringing a facial attack based on lack of jurisdiction over the subject matter under Rule 12(b)(1), or whether challenging the complaint for failure to state a cause of action under Rule 12(b)(6) -- the non-movant enjoys similar safeguards; the allegations of the complaint should be construed favorably to the pleader and the court will not look beyond the face of the complaint to determine jurisdiction. *See*, *e.g.*, Sea Vessel Inc. v. Reyes, 23 F.3d 345, 347 (11th Cir. 1994) (non-moving party receives the same protection with respect to 12(b)(1) as it would defending against a motion brought under Rule 12(b)(6), quoting Osborn v. United States, 918 F.2d 724, 729 n.6 (8th Cir. 1990)); 2 Moore's Federal Practice, § 12.30[4] (Matthew Bender 3d ed.) *See also*, Holt v. United States, 46 F.3d 1000, 1003 (10th Cir. 1995) ("In reviewing a facial attack on the complaint [under Rule 12(b)(1)], a district court must accept the allegations in the complaint as true." Framed under Rule 12(b)(6), the question is whether, in light of § 2105, the complaint (or an amended version of the complaint) states a claim to relief that is plausible on its face. Bell Atlantic Corp. v. Twombly, 127 S.Ct. 1955 (2007).

### III.  Discussion

### A.  Federal Claims

By § 2105's terms, the non-liability provided for in that section depends on whether the subject claims are "in connection with any housing unit, or necessary land therefor, or adaptation acquired under the provisions of" chapter 21 of title 38. To answer this question it is necessary to review the nature of the claims alleged by Mr. Volak against the government.

The complaint alleges that as a result of his disability, Mr. Volak became entitled to a $50,000.00 grant from the VA to assist in the construction of specially adapted housing. (Complaint ¶15.) The complaint alleges the VA then breached its obligations to Mr. Volak by failing to properly provide plaintiff with inspection

-4-

reports (complaint ¶ 22); by failing to provide plaintiff with information on the status of his escrow grant funds (complaint ¶ 22); by failing to properly authorize withdrawal of the escrowed funds (complaint ¶ 23); by failing to ensure plaintiff was satisfied with the work being performed by the construction company on the property and on the specially adapted housing (complaint ¶ 27); by allowing the balance of the escrow funds to be disbursed to the construction company without proper authorization (complaint ¶ 29); and by wrongfully accepting interest proceeds from the escrow account. (Complaint ¶ 30.) Based on these facts, count one alleges the VA was negligent in inspecting the specially adapted housing. (Complaint ¶ 37.) Count two alleges the VA is liable for improper authorizations of escrow funds disbursements. (Complaint ¶ 39.) Count three seeks an equitable lien and foreclosure of that lien in favor of the plaintiff.

The straightforward language of § 2105, and the fact that Mr. Volak's claims against the government arise out of the specially adapted housing program, strongly suggest that the non-liability provision of § 2105 applies. Before stating its determination, however, the court addresses plaintiff's arguments as to why § 2105 should not apply.

Plaintiff attempts to limit application of § 2105 by arguing that he never "acquired" a housing unit, or land, or an adaptation under chapter 21. Specifically, plaintiff states in his response brief that "[h]e refused to purchase the home because it did not comply with the applicable construction contract and the applicable VA regulations." (Doc. no. 29, p. 7.) Plaintiff's position that he never acquired the housing unit in question, or land for that housing unit, or an adaptation under chapter

21, is not consistent with the allegations as they now stand.[1]  The court assumes for purposes of this discussion, however, that plaintiff could amend his complaint to allege that he never acquired any of the benefits listed in § 2105 because, for example, he ultimately refused to purchase the home in question.  (See doc. no. 29 at p. 6 and at ex. 4 where Mr. Volak's  affidavit states, "I ultimately refused to purchase the house....")

Plaintiff cites no authority for his position that if a disabled veteran never acquires ultimate ownership of a home or property or adaptation funded in part with a VA grant under chapter 21, that the non-liability provision of § 2105 does not apply. The language of § 2105 includes no such limitation.  Section 2105 applies whenever a housing unit, or land for a housing unit, or an adaptation is acquired --  presumably by any individual or entity, for any purpose, at any stage of the funding or construction process -- so long as the acquisition is "under the provisions of" chapter 21 which is the case here.

Thus, even if Mr. Volak were to amend his complaint to allege that he never acquired any of the benefits listed in § 2105 at any stage of the funding, purchase or

---

[1]For example, ¶ 15 of the complaint alleges that "Pursuant to the VA grant, [plaintiff] entered into a Residential Real Estate Purchase Contract ("Construction Contract")" and that "[u]nder the Construction Contract, Whomble was to construct specially adapted housing" for the plaintiff. Paragraph 16 alleges that "pursuant to the Construction Contract," plaintiff "purchased" the property located at the address in question.  Paragraph 17 alleges that "Pursuant to the Construction Contract, [plaintiff] deeded the Property to Whomble...."  Paragraph 19 alleges that "[p]ursuant to the Construction Contract, [plaintiff] entered into an Escrow Agreement - Specially Adapted Housing ("Escrow Agreement")...on a VA form with Whomble designated as contractor and Peoples [Bank] designated as escrowee."  Paragraph 19 further alleges that "[t]he Escrow Agreement allocated the $183,000.00 Construction Contract price as $17,500.00 being allocated to acquisition of the real property and $165,500.00 being allocated to construction improvements."  Paragraph 20 alleges that "[p]er the Escrow Agreement, the $165,500.00 escrow amount allocated to construction of improvements was to be comprised of the VA grant of $50,000.00, and a loan from Peoples to [plaintiff of] $115,500.00."

construction process, the complaint would still allege that *some* individual or institution (such as the construction company or the bank) acquired one or more of the benefits listed in § 2105.  For example, the complaint alleges that Mr. Volak deeded the property to Whomble & Sons by property deed (complaint ¶ 17); that Whomble & Sons took out loans against the property (complaint ¶ 18); that Whomble & Sons mortgaged the property to Peoples Bank (complaint ¶ 18); and that the escrow account, including the $50,000 VA grant, was ultimately disbursed to Whomble & Sons.  (Complaint ¶ 29.)  The court rejects Mr. Volak's argument that § 2105 does not apply because Mr. Volak never acquired the benefits listed in §2105.

Plaintiff also argues that § 2105 does not apply because the home in question is not a "housing unit" as that term is defined in 38 C.F.R. § 36.4401.  That regulation begins as follows:  "Wherever used in 38 U.S.C. Chapter 21 or §§ 36.4401 through 36.4410, *unless the context otherwise requires*, the terms defined in this section shall have the meaning herein stated...."  (Emphasis added.)  Subsection 36.4401(f) then defines a "housing unit" as a "family dwelling or unit approved by the Veterans Health Services and Research Administration as medically feasible for occupancy as a home by the individual beneficiary...."

Plaintiff argues that the home in question does not come within the regulatory definition of a "housing unit" for purposes of § 2105 because it was never approved by the VA as medically feasible for occupancy.  Again, for purposes of this discussion, the court presumes plaintiff could amend his complaint to allege facts in support of his position that the home was never approved by the VA as medically feasible for occupancy by Mr. Volak.  The court also presumes the truth of such allegations.

If correct, plaintiffs' argument would mean that the VA has potential liability for its actions in connection with chapter 21 grants so long as the VA never approved

the home, the land, or the adaptation in question as medically feasible for occupancy. Thus, the government would *have potential liability* for a claim that it wrongfully withheld approval of a home for occupancy, but would *have no potential liability* with respect to a claim that the VA wrongfully approved property as medically feasible for occupancy. This result is nonsensical. Additionally, plaintiff's proposed rule would encourage the VA to approve housing, worthy or not, in order to qualify the VA for non-liability in connection with chapter 21 grants.

The court rejects plaintiff' argument. As expressly allowed by 38 C.F.R. § 36.4401, the court finds that the strict regulatory definition of "housing unit" does not limit the protective reach of § 2105 in these circumstances because "the context otherwise requires." 38 C.F.R. § 36.4401.

Moreover, even if plaintiff's "housing unit" argument were correct, that argument would not save plaintiff's claims against the United States here. Section 2105 provides for non-liability not only with respect to claims "in connection with any housing unit," but also with respect to claims "in connection with" an "adaption acquired under the provisions" of chapter 21. Whether or not the housing unit or the land for such a housing unit meets or is required to meet the strict regulatory definition of a "housing unit" or "necessary land therefor," Mr. Volak's claims against the government are in connection with an "adaptation acquired under the provisions of [chapter 21 of title 38]."

Plaintiff also argues that § 2105 does not require dismissal of the United States from this action because "it does not appear that even the VA considered Section 2105 applicable." (Doc. no. 29, p. 8.) Plaintiff submits a letter from the VA in which the VA advised him to initiate suit in this court under the Federal Tort Claims Act. The letter states that it pertains to Mr. Volak's "administrative tort claim under the Federal Tort Claims Act which [he] filed on November 18, 2004." The letter states that if Mr.

Volak is "dissatisfied with the action taken on [his] claim" he "may file suit in accordance with the Federal Tort Claims [Act], sections 1346(b) and 2671-2680, title 28, United States Code, which provides that a tort claim that is administratively denied may be presented to a Federal district court for judicial consideration." (Doc. no. 29, ex. 5.) Once again, for purposes of this discussion, the court presumes plaintiff could amend his complaint to include this letter and to allege this letter was sent in reference to his claims.

Nothing in the letter suggests the author was aware of § 2105 or considered that provision's impact on any liability the United States might have under the Federal Tort Claims Act. Even if the VA was aware that § 2105 might impact a potential action, the question of the United States' liability or non-liability under §2105 is a question of law to be determined by this court. No language in §2105 indicates a legislative intent to exclude federal tort claims from § 2105's grant of governmental non-liability in connection with benefits provided under chapter 21. To the extent the relationship between the waiver of sovereign immunity provided in the Federal Tort Claims Act and the non-liability provision of § 2105 might be debatable, the rules of statutory construction require narrow construction of any waiver of sovereign immunity contained in the Federal Tort Claims Act. Presumably, the same rules of construction also require a broad reading of the non-liability provisions of § 2105. Accordingly, the court rejects plaintiff's reliance on the letter in question as a reason why this action should not be dismissed.

The court finds and concludes that Mr. Volak's claims against the government arise "in connection with any housing unit, or necessary land therefor, or adaptation acquired under the provisions of" chapter 21 of title 38 pertaining to "Specially Adapted Housing for Disabled Veterans." 38 U.S.C. § 2105. The relevant statutes make clear that the government is expressly protected from liability with respect to

claims like Mr. Volak's.  Although the result may seem harsh from a veteran's perspective, this is the type of policy judgment courts may not second-guess.

The government's motion to dismiss should be granted.  Given the rationale for the court's ruling, and based on matters discussed in the plaintiff's briefing, it is clear that  amendment would be futile.  Accordingly, Mr. Volak's claims against the government will be dismissed with prejudice.

B.  <u>State Law Claims</u>

The claims against the United States having been dismissed, the only remaining claims are state law claims alleged against the construction company and the bank. As described in the complaint, these state law claims assert the following theories of liability:  breach of contract, breach of implied warranty, tortious breach of contract, negligence, breach of the escrow agreement, breach of fiduciary duty, breach of implied covenant of good faith and fair dealing; plaintiff also seeks an equitable lien and foreclosure.   The court must determine whether to exercise supplemental jurisdiction over these remaining state law claims.  28 U.S.C. §1367(c)(3).

Judicial economy, fairness, convenience, and comity are all considerations which guide a district court's decision regarding whether to defer to a state court or retain and dispose of state law claims.  <u>United Mine Workers v. Gibbs</u>, 383 U.S. 715, 726-27 (1966).  The Tenth Circuit has held that when federal claims are resolved before trial, the district court should usually decline to exercise jurisdiction over the remaining state law claims and allow the plaintiff to pursue them in state court.  *See*, <u>Smith v. City of Enid By and Through Enid City Comm'n</u>, 149 F.3d 1151, 1156 (10th Cir. 1998); <u>Ball v. Renner</u>, 54 F.3d 664, 669 (10th Cir. 1995).

Having disposed of all federal claims, and finding no consideration that causes the court to conclude it should retain jurisdiction over the state law claims, the court, in the exercise of its discretion, declines to exercise supplemental jurisdiction over the

remaining claims.  Therefore, in addition to dismissal with prejudice of any federal claims under § 2105, the remaining state law claims should be dismissed without prejudice.  To the extent the state law claims may be the subject of future litigation in the state courts, nothing stated in this order is intended to pre-judge those claims in any respect.

## IV.  Conclusion

To the extent the government's motion to dismiss is brought under Rule 12(b)(1) for lack of jurisdiction based on the doctrine of sovereign immunity as that doctrine is expressed in the governmental non-liability provision of 38 U.S.C. § 2105, the motion is **GRANTED**.

Alternatively, if the court is required to convert the government's facial challenge to jurisdiction under Rule 12(b)(1) to a motion challenging the viability of the complaint under Rule 12(b)(6), then the court concludes that Mr. Volak's claims against the government are not viable under the standards of Rule 12(b)(6) and his claims against the government are dismissed under that rule.

Under either analysis, Mr. Volak's claims against the government are **DISMISSED** with prejudice because amendment would be futile.

The court declines to exercise supplemental jurisdiction over the remaining state law claims.  The state law claims are dismissed without prejudice.

With no claims remaining for adjudication, this action is **DISMISSED**.

Dated this 5th day of February, 2008.

_____
STEPHEN P. FRIOT
UNITED STATES DISTRICT JUDGE

07-1002p006(pub).wpd